IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERESA D. GLASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06-CV-4663-KOB |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of the Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION

I. Introduction

    The claimant, Teresa D. Glass, filed an application for disability insurance benefits on March 22, 2005, alleging a disability onset date of June 30, 2000 due to chronic migraine headaches. (R. 17).  The Regional Commissioner of the Social Security Administration denied the application (R. 20-24), and the claimant timely requested a hearing before an Administrative Law Judge ("ALJ"). (R. 28).  The ALJ held a hearing on October 27, 2005. (R. 29).  In the hearing decision dated February 08, 2006, the ALJ found that the claimant failed to establish a disability on or prior to the date of last insured – June 30, 2000.  The ALJ then concluded that the claimant was not disabled within the meaning of the Social Security Act and, therefore, was not eligible for disability insurance benefits. (R. 12-16B).  Claimant timely requested review of the hearing decision by the Appeals Council. (R. 7).   The Appeals Council found no basis for review of the ALJ's decision and denied claimant's request for review on September 12, 2006, rendering

1

the ALJ's findings the final decision of the Commissioner of the Social Security Administration. (R. 3-4A). The claimant has exhausted her administrative remedies, and sought judicial review pursuant to this court's jurisdiction under 42 U.S.C. §§ 405(g) and 1631(c)(3). For the reasons stated below, the decision of the Commissioner will be AFFIRMED.

## II. Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the person cannot

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
>
> To make this determination, the Commissioner employs a five-step, sequential evaluation process:
>
> (1) Is the person presently employed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. pt. 404, subpt. P, app.1?
> (4) Is the person unable to perform his of her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three or five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986); *see also* 20 C.F.R. §§ 404.1520, 416.920.

The standard for reviewing the Commissioner's decision is limited. This court must affirm the Commissioner's decision if the Commissioner applied the correct legal standards and if his factual conclusions are supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Graham*

*v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).  "No . . . presumption of validity attaches to the [Commissioner's] legal conclusions, including determination of the proper standards to be applied in evaluating claims." *Walker*, 826 F.2d at 999.  This court does not review the Commissioner's factual determinations *de novo*, but will affirm those factual determinations that are supported by substantial evidence.  "Substantial evidence" is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  The court must "scrutinize the record in its entirety to determine the reasonableness of the [Commissioner]'s factual findings." *Walker*, 826 F.2d at 999.  A reviewing court must not only look to those parts of the record that support the decision of the ALJ, but must also view the record in its entirety and take account of evidence that detracts from evidence on which the ALJ relied.  *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

### III. Facts

The claimant was forty-five years old at the time of the administrative hearing and has a sixth grade education. (R. 112).  Her past work experience includes employment as a cashier and a hotel housekeeper. (R. 113).  According to the claimant, she became disabled on June 30, 2000 because of absenteeism secondary to her chronic migraines. (R. 54).  Since the alleged onset date, the claimant has occasionally worked as a cashier in 2002, 2003, and 2004, but none of the claimant's work since the alleged onset rose to the level of substantial gainful activity. (R. 14).  The claimant is currently unemployed. (R. 54).

The claimant testified that her migraine headaches began at the age of eight, and became more severe at the age of seventeen. (R. 103).  The claimant testified that the migraines cause her

to be partially paralyzed, nauseated, and unable to speak, and that each migraine headache requires two to three weeks recovery. (R. 107). In March of 1999, the claimant visited the Norrell Clinic in Pell City, Alabama on two occasions. (R. 87). On March 5, Dr. Milton G. Norrell, a general practitioner, diagnosed the claimant with an acute respiratory infection and prescribed an antibiotic and cough syrup. (*Id*.). On March 21, the claimant returned with lingering symptoms, and Dr. Norrell prescribed additional medications to treat the respiratory infection and its effects. (*Id*.). On May 20, 1999, the claimant returned with complaints of shoulder and neck pain. (*Id*.). On February 23, 2001, the claimant received two prescriptions from Dr. Norrell as treatment for a very sore throat that allegedly interfered with her sleep. (R. 87). Dr. Norrell requested that the claimant return two weeks later for a follow-up appointment. (*Id*.). On April 26, 2001, the claimant requested a renewal of a prescription in an increased dosage. (*Id*.). Dr. Norrell advised the claimant of the risks associated with an increased dosage of the medication and refused the claimant's request. (*Id*.).

The record contains no medical evidence for the subsequent three years. On June 4, 2004, the claimant visited the Main Street Medical Clinic in Pell City, complaining of night sweats, hot flashes, back pain, excessive thirst, sleep depravation, unusual sensations in her legs, and frequent urination. (R. 100). Sue Suggs, a Certified Registered Nurse Practioner (CRNP), requested diagnostic tests, the results of which showed a low glucose level, increased liver enzyme, increased hemoglobin, and increased hematocrit. (*Id*.). The claimant was diagnosed with a lack of health maintenance, migraines, menopause, and back pain, for which Suggs ordered the claimant to drink more water and prescribed a hormone replacement, calcitrate supplement, and a pain medication. (*Id*.). On June 29, 2005, the claimant returned to the clinic

requesting refills for her prescriptions for hormone replacement and pain medicine. (R. 101). The claimant also received a prescription to treat her migraine headaches at that time. (*Id*.).

The ALJ found that the medical evidence indicated that the claimant has migraine headaches and hormonal-related symptoms qualifying as impairments that are severe, but not severe enough, either singly or in combination, to meet a listed impairment in 20 C.F.R. pt. 404, App. 1, Reg. No. 4. (R. 14). The ALJ considered the medical evidence contained in the record and the claimant's subjective symptoms to determine the claimant's residual functional capacity ("RFC"). (R. 16). In assessing the claimant's own subjective symptoms, the ALJ applied the Eleventh Circuit "pain standard" and found no evidence of an underlying medical condition that satisfied the first prong of the standard. (R. 15, 16). The claimant's RFC includes the ability to lift up to twenty pounds on occasion, lift up to ten pounds frequently, stand or walk for six hours, and sit for two hours in an eight hour work day. (R. 16). Considering the totality of the evidence on record in the light most favorable to the claimant, the ALJ concluded that the claimant had an RFC to perform work related activities in the light range of physical exertion. (*Id*.).

The ALJ then considered whether the claimant's RFC permitted the performance of her past relevant work ("PRW"). Dan L. Kinard, an impartial vocational expert ("VE"), testified regarding the claimant's PRW. (R. 16). Conforming to the *Dictionary of Occupational Titles*, VE Kinard classified the claimant's past relevant work as a cashier and a hotel housekeeper as both unskilled and light in physical demands. (R. 113). The ALJ posed two hypothetical situations to VE Kinard. The ALJ first asked whether an individual of the same age, education, PRW and RFC as the claimant, with no complications other than typical colds or similar ailments, would have vocational opportunities inherent in the economy. (R. 113-114). VE

Kinard responded that such an individual could perform all of the claimant's PRW. (R. 114). The ALJ then asked for the vocational impact of an individual suffering from headaches so debilitating that they would cause the individual to be absent from one to four days per month. (*Id*.). VE Kinard stated that such a condition would likely preclude gainful activity or unskilled work based on absenteeism. (*Id*.). Having discredited the claimant's subjective complaints, the ALJ relied on the first hypothetical question posed to VE Kinard, as well as the claimant's RFC and the classification of the claimant's previous jobs, to conclude that the claimant was able to perform her PRW. (R. 16).

The ALJ ultimately found the claimant was ineligible for disability insurance benefits because she was not disabled, as defined by the Social Security Act (*Id*.), because no evidence in the record demonstrated that the claimant suffered any significant limitation of function on or before the alleged onset date of June 30, 2000. (R. 15). The ALJ noted that the treatment notes from Dr. Norrell in 1999 and 2000 were the only medical evidence that reflected the period at issue; the record mentions no diagnosis or treatment for migraine headaches near the claimant's date of last insured. (*Id*.). Because the ALJ found no disability at any time through June 30, 2000, the claimant's application for disability benefits was denied.

## IV. Issues Presented

In this appeal, the claimant alleges that the decision of the Commissioner is erroneous because the ALJ failed to base her decision on substantial evidence.

## V. Discussion

The ALJ followed the five-step sequential evaluation process for determining whether the claimant is "disabled" under the Social Security Act, ultimately determining at the end of the

6

fourth step that the claimant is not disabled as defined by the Act. (R. 16A). This court must affirm the decision of the Commissioner as to a claimant's disability benefits application if the decision is supported by substantial evidence and the ALJ applied the correct legal standards. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005); *see also Lewis v. Callahan*, 125 F.3d 1436, 1439-1440 (11th Cir. 1997) (holding that a decision by the Commissioner will not be disturbed if, in light of the record as a whole, it appears to be supported by substantial evidence). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).

The claimant alleges that the ALJ erroneously disregarded the medical records. Federal law requires that an alleged disabling physical impairment be supported by medical evidence. 20 C.F.R. § 404.1508. The claimant bears the burden of establishing the existence of a disability and producing evidence in support of that claim. *Ellison v. Barnhart*, 355 F. 3d 1272, 1276 (11th Cir. 2003). The law in this Circuit demands that the ALJ consider all medical evidence when making a disability determination. *Lewis*, 125 F.3d at 1440.

The ALJ in this case properly considered the medical evidence of record, including all medical records produced by the claimant and contained in the administrative record. (R. 14). The claimant applied for disability insurance benefits ("DIB") under Title II of the Social Security Act, (R. 17); the claimant's date of last insured, and alleged onset date of disability, was June 30, 2000. (R. 72). A DIB claimant must demonstrate disability on or before the date of last insured. 20 C.F.R. § 423(a)(1)(A). Treatment records from Dr. Milton G. Norrell in March 1999 are the only medical evidence of record dated prior to the claimant's date of last insured. (R. 87). The ALJ noted that those records contain no indication of diagnosis or treatment for either

migraine headaches or the alleged related symptoms or effects. (R. 15).

The ALJ also noted the first record of migraines or related symptoms was in the Main Street Medical Clinic records dated June 4, 2004. (R. 14). The treatment notes contain the claimant's diagnosis of migraine headaches by Sue Suggs, CRNP. (R. 89). Medical records from the Main Street Medical Clinic dated June 29, 2005 show a prescription for a migraine treatment. (R. 101). Those records – the only medical evidence of migraines – fall well outside the period at issue for the purposes of DIB; the claimant produced *no* medical evidence of impairments due to migraines prior to June 30, 2000, her date of last insured. Accordingly, the ALJ concluded that the claimant had no severe physical impairment at the alleged onset date. (R. 15). The ALJ considered all medical evidence of record and her conclusion that the claimant was not under any severe limitation on or prior to the date of last insured is supported by substantial evidence.

The claimant relied only on her own testimony to establish an impairment during the insured period. The claimant alleges that the ALJ erroneously disregarded the claimant's testimony. A claimant's subjective testimony of pain or other symptoms is sufficient evidence of an alleged disability when it satisfies this Circuit's three-part pain standard and is not properly discredited by the ALJ. The pain standard requires: (1) evidence of an underlying medical condition; and (2) *either* (a) objective medical evidence that confirms the severity of the alleged pain arising from that condition; *or* (b) evidence that the objectively-determined medical condition can be reasonably expected to give rise to the alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). A finding of disability may be supported by the claimant's own subjective testimony when it is supported by medical evidence that satisfies the pain standard. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). This Circuit's pain standard applies to

complaints of debilitating migraine headaches. *See May v. Commissioner of Social Sec. Admin.*, 226 F. App'x 955, 958 (11th Cir. 2007) (concluding an ALJ may properly apply the pain standard to any allegation of a claimant's non-exertional symptoms or disabling pain, including allegations of severe migraines); *see also Gore v. Apfel*, 2000 WL 284218, at *2 (S.D. Ala. Mar. 10, 2000) (holding an ALJ's failure to apply the pain standard to a claimant's subjective allegations of severe migraines to be grounds for remand). If an ALJ decides not to credit subjective testimony, she must discredit it explicitly and should articulate adequate reasons for discrediting. *Brown v. Sullivan*, 921 F.2d 1233, 1236 (11th Cir. 1991). A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by this Court. *Foote*, 67 F.3d at 1562.

    In this case, the ALJ determined that the pain standard was not satisfied because the record showed no requisite evidence of an underlying medical condition. (R. 15). Although the claimant testified that she had experienced migraine headaches since the age of eight, as noted above, the ALJ found no evidence in the record to support this testimony. (*Id*.). The ALJ's conclusion that the pain standard was not satisfied due to an absence of medical evidence establishing an impairment on or before the date of last insured is a proper application of the three-part pain standard.

    The ALJ considered the subjective allegations of the claimant and properly discredited the claimant's testimony. The ALJ found the subjective allegations of the claimant to be "less than credible" (R. 16) because the claimant's testimony of a long history of migraine headaches and occasional subsequent treatment (R. 108) is not substantiated in the record by any evidence from the period at issue. The only evidence of migraine headaches are medical records for a

diagnosis of migraines in June 2004 and a prescription for treatment for migraines in June 2005. (R. 100, 101). The ALJ properly concluded that the claimant's subjective allegations were unsubstantiated because the only evidentiary support of the subjective allegations in the record is dated after the date of last insured.

Inconsistencies between the claimant's testimony and the record medical evidence support the ALJ's determination that the claimant's own testimony and subjective allegations are not credible. At the administrative hearing, the claimant testified before the ALJ that she had received treatment for migraine headaches in emergency rooms during 1999 and 2000. (R. 110). The ALJ granted a thirty-day extension period for the claimant to produce records of the alleged hospital visits. (R. 114). The claimant produced no evidence of hospital emergency room visits or treatment. (R. 15). The claimant also testified that she had received a prescription from Dr. Norrell for treatment of migraine headache pain. (R. 109). However, the ALJ noted that the medical evidence of record from Dr. Norrell showed only two visits prior to the date of last insured, and those visits were for the treatment of an acute respiratory infection and its residual effects – not migraines. (R. 85). No evidence exists in the record indicating a prescription for pain medication for migraines during the period at issue. (R. 15). The only evidence of a prescription for migraine treatment is dated June 2005 – about five years after the date of last insured. (R. 101). The ALJ's identification of inconsistencies in the claimant's testimony is sufficient reasoning in support of her credibility determination.

The ALJ also relied upon the claimant's questionable work history in discrediting her testimony. The ALJ found the work history of the claimant to be "less than stellar," noting that the claimant's earning records showed no income for five of the seven years prior to the alleged

onset of disability. (R. 15). The claimant testified that she became disabled in June 2000 because her severe migraine headaches prevented her from holding a job. (R. 107). This testimony was discredited by the ALJ (R. 16A), who found the claimant's alleged disability-induced absenteeism to be questionable when considered in conjunction with the claimant's inconsistent and sporadic work history. The ALJ's consideration of the claimant's employment history prior to her date of last insured in comparison to her subjective testimony of limitations is adequate reasoning in support of the ALJ's credibility determination.

The ALJ's identification of unsubstantiated claims and inconsistencies in work history in the record is adequate reasoning to support her explicit discrediting of the claimant's testimony and subjective allegations. The ALJ's assessment of the claimant's credibility is explicitly articulated in the decision and is corroborated by substantial evidence of record. (R. 13-16A). Consequently, this court will not disturb the ALJ's credibility determination. *See MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (holding that a court should not disturb, on judicial review, a clearly-stated credibility finding unless substantial evidence does not support it). Having been properly discredited and presenting no evidence of disability on or prior to her date of last insured, the claimant is not "disabled" for the purposes of DIB, as defined in Title II of the Act.

## V. Conclusion

For the reasons stated above, this court concludes that the decision of the Commissioner is supported by substantial evidence and is due to be AFFIRMED. The court will enter a

separate order consistent with this memorandum opinion.

DATED this 29th day of May, 2008.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE